UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA, Plaintiff, vs. JERMAINE ALONZO MITCHELL, Defendant.

Case No. 3:04-cr-00010-ECR-VPC

ORDER

On January 24, 2011, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#199). Pursuant to order of the Court, the Government has responded (#204) to the motion. Thereafter Defendant filed a traverse (#207) in support of the motion.

This motion is now ripe, and we consider and decide it.

While the Ninth Circuit decisions in United States v. Hollis, 490 F.3d 1149 (9th Cir. 2007) and United States v. Shaw, 936 F.2d 412 (9th Cir. 1991), as plead by the Government, provide a valid basis for denial of Defendant's motion, a recent United States Supreme Court decision, DePierre v. United States, 564 U.S. ____ ( decided June 9, 2011), forecloses granting of Defendant's motion and it must therefore be denied.

The case at bar and DePierre, id., are very similar. In both cases, the

indictment, jury instructions, and jury verdict made references to cocaine base and not to crack cocaine. In both cases, defendant was sentenced on the basis of an offense involving 50 grams or more of a mixture or substance which contains cocaine base.

The Supreme Court in DePierre, id., decided that, in interpreting the statute 21 U.S.C. § 841(b)(1)(A)(iii), the term cocaine base refers to cocaine in its basic form rather than exclusively to what is known as crack cocaine. The leaves of the coca plant can be processed to produce a paste-like substance. If the coca paste is dissolved in water and hydrochloric acid, which is a base, it becomes cocaine hydrochloride, a white powdery substance which is not a base. It is ingested by snorting or diluted with water and injected. It is generally not smoked.

Cocaine hydrochloride can be converted into a cocaine base by combining the powder cocaine with water and a base such as baking soda. The chemical reaction changes the cocaine hydrochloride into a chemically basic cocaine molecule. The resulting solid substance can be cooled and broken into small pieces and then smoked. This substance is known as crack or rock cocaine. Alternatively, powder cocaine can be dissolved in water and ammonia, and with the addition of ether (also a base) a solid substance known as freebase, separates from the solution and can be smoked. Crack and freebase like coca paste have the same chemical composition: $C_{17}H_{21}NO_4$. There is no chemical difference between coca paste, crack cocaine, and freebase, and they are all generally ingested by smoking.

In 1986, Congress substantially increased the penalties for offenses involving cocaine base, as contrasted with powder cocaine. Anti-Drug Abuse Act of 1986 (ADAA), 100 Stat. 3207. This was the statute in effect at the time of both DePierre, id., and the case at bar. While Congress was most concerned with crack as the moving force for ADAA, the statute providing for the increased

penalties was written to encompass more than crack; it was written to encompass all forms of cocaine base. The Supreme Court finds in DePierre, id., that the statute should be read to include all forms of cocaine base, i.e., $C_{17}H_{21}NO_4$, the molecule found in crack, freebase, and coca paste, the chemically basic form of cocaine. The statute reaches more broadly than to just crack cocaine. It reaches to all forms of cocaine base. Cocaine base is smoked which gives it a more intense and more addictive high than the ingestion of powder cocaine. This feature is not unique to crack cocaine, but freebase and coca paste are also acknowledged as dangerous smokeable forms of cocaine. The reach of the ADAA was beyond just crack.

The term cocaine base is not limited to crack cocaine. While the record indicates the case at bar was tried by both sides as a crack cocaine case, the burden of proof of the Government was not narrowed to proving crack cocaine was involved. The Government was only required to prove cocaine base was involved. In our case, the jury found that Defendant possessed with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. This same terminology was used in the Indictment. This was an adequate basis for the more severe penalty imposed under the ADAA.

In the Guidelines adopted following the enactment of the ADAA, the Sentencing Commission defined cocaine base as meaning crack cocaine for the increased penalties. However, the Supreme Court in DePierre, id., is not persuaded that the statute should be so construed, or that the action of the Sentencing Commission is persuasive to the Court.

In DePierre, id., the Supreme Court upholds the judgment of conviction based on the indictment charging and the jury finding the offense involved cocaine base. This is the same scenario as we have in the case at bar.

There could be no valid claim of ineffective assistance of counsel made in this case because of failure of counsel to object that the Government had not

proven that the cocaine base involved in the case was crack. Ineffective assistance of counsel requires Defendant to show he was prejudiced by counsel's performance. There could be no such prejudice when it was unnecessary for the Government to prove the cocaine base involved was crack. It was only necessary for the Government to prove cocaine base was involved, which it did, and in fact proved crack was involved. Further, counsel's representation in failing to make such objection certainly did not fall below an objective standard of reasonableness.

As a second ground for his motion, Defendant claims ineffective assistance of counsel for his trial counsel's failure to challenge the juror identified by the Court of Appeals in the direct appeal as Juror Jane Doe.

Defendant's claim in this regard also fails. Defendant cannot show that he was prejudiced by counsel's performance in that respect, nor can he show that but for counsel's unprofessional errors the result of the proceeding would have been different. In the circumstances, these are difficult things to show in any event. The fact that Defendant was convicted is insufficient to make these showings. No evidence in the record indicates that the result of the case would have been different had the juror in question been excused. Nor can such be inferred on the facts presented.

It remains uncertain whether the juror in question was biased against Defendant. The Court of Appeals on the direct appeal found the evidence of bias weak. The juror never stated she could not be fair and impartial in deciding the case. This Court considers whether the failure to challenge the juror might have constituted trial strategy or even invited error. Defendant has failed to overcome the strong presumption that counsel's conduct fell within the broad range of reasonable professional assistance. However, the fact that Defendant cannot show the result of the case would have been different is sufficient to reject this ground for the motion.

Finally, Defendant alleges that his appellate counsel did not provide Constitutionally effective counsel because he failed to raise the Apprendi error on appeal.

The drug in this case was cocaine base and hence the enhanced sentence would apply. There was no Apprendi error. Defendant is unable to demonstrate that he was prejudiced by appellate counsel's failing to raise this issue on direct appeal or that there is a reasonable probability that, but for counsel's professional error, the result of the proceeding would have been different.

IT IS THEREFORE ORDERED that Defendant's motion filed on January 24, 2011 (#199) pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is DENIED.

The Clerk shall enter judgment accordingly.

DATED this 13th day of July 2011.

Edward C. Reed.

U.S. DISTRICT JUDGE